THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK J. FISCHER, III, | Case No. C10-1088-JCC |
| Petitioner, | ORDER |
| v. | |
| DAVID KENNEY, | |
| Respondent. | |

The Court, having reviewed Petitioner's complaint (Dkt. No. 1), Respondent's motion for summary judgment (Dkt. No. 13), the report and recommendation of U.S. Magistrate Judge James P. Donohue (Dkt. No. 24), Petitioner's objections thereto (Dkt. No. 32), and the remaining record, adopts the report and recommendation. The Court grants Respondent's motion for summary judgment on the grounds of qualified immunity and alternatively on the merits and dismisses Petitioner's action with prejudice.

The Court must make a de novo determination of those portions of a magistrate judge's report or proposed findings or recommendations to which a party objects. 28 U.S.C. § 636(b)(1).

//

//

ORDER, C10-1088-JCC
PAGE - 1

I. PETITIONER'S OBJECTIONS

Petitioner objects that an issue of material fact exists regarding whether he suffers from narcolepsy. Petitioner has put forth no evidence to validate his claim that he was diagnosed in 1965, and Respondent, after investigation, was unable to locate any records of the alleged sleep study. (Dkt. No. 14 at 5.) Petitioner's bare assertion is insufficient to create more than a "metaphysical doubt" regarding a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (holding that the nonmovant must do more than simply raise metaphysical doubt about the material facts).

Likewise, Dr. Hammond's statement that narcolepsy must be confirmed by a sleep study fails to create an issue of material fact. The statement only pertained to *confirming* a diagnosis of suspected narcolepsy. (*Id.* at 3.) Petitioner has shown no symptoms of narcolepsy and therefore does not need a confirming diagnosis. (*Id.* at 4, 5.) Additionally, the fact that two primary-care providers referred the sleep study to the review board does not create an issue of material fact. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (holding that one doctor's recommendation of surgery was merely a differing opinion on treatment and did not require adherence).

Second, Petitioner objects to the Report's finding that Respondent was not deliberately indifferent to his condition. Prisoners are afforded all healthcare that is medically necessary. Wash. Admin. Code § 137-91-010. Contrary to Petitioner's assertion, sleep disorders are covered by the Department of Corrections. They are Level 2 care, which are examined on a case-by-case basis and are covered in some circumstances. (Dkt. No. 14 at 3; Dkt. No. 14-1 at 30.) In the absence of any documented symptoms, denial of further testing and medication is not indifferent. Respondent's denial of medication is merely a difference in treatment and, as such, does not rise to the level of deliberate indifference. *See Sanchez*, 891 F.2d 242 (holding that a difference in opinion regarding treatment does not amount to deliberate indifference to serious medical needs).

1  Third, Petitioner objects to the Report's conclusion regarding Respondent's qualified
2  immunity. The qualified immunity inquiry has two elements: whether there was a clear
3  violation of Petitioner's Eighth Amendment rights and whether those rights were clearly
4  established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  As to the first inquiry, Respondent was
5  not deliberately indifferent to Petitioner's alleged condition; instead, Petitioner continued to be
6  seen for narcolepsy despite a mounting lack of symptoms. (Dkt. No 14 at 4, 5.)  Petitioner's
7  allegations were also not "sufficiently serious" because narcolepsy rarely interferes with daily
8  activities and Petitioner had no documented injuries. *See Farmer v. Brennan*, 511 U.S. 825,
9  847 (1994) (holding that the depravation must be objectively "sufficiently serious" to be a
10 denial of the minimal civilized measure of life's necessities). Moreover, there is no evidence
11 that Respondent knew of and disregarded a serious risk to Petitioner. On the contrary,
12 Petitioner was seen repeatedly for different ailments. (Dkt. No. 14 at 4-7.)

13 In addition to falling short on the first inquiry, Petitioner's right to further tests and
14 medication was not clearly established. Respondent reasonably believed that he was acting
15 lawfully when he denied medication on the basis of an apparent lack of symptoms. *See Romero
16 v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991) (holding that the officer should prevail if
17 he could have reasonably believed his conduct was lawful). Qualified immunity is granted to
18 all but the plainly incompetent or those who knowingly violate the law; thus, Respondent falls
19 under its shield. *See Malley v. Briggs*, 475 U.S. 335, 341 (1986).

**II**.    **CONCLUSION**

The Court ADOPTS the report and recommendation (Dkt. No. 24). The Court GRANTS Respondent's motion for summary judgment (Dkt. No 13) and DISMISSES Petitioner's action WITH PREJUDICE.

The Clerk of Court is directed to send copies of this Order to Petitioner and to Magistrate Judge James P. Donohue.

//

1    DATED this 14th day of June 2011.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER, C10-1088-JCC
PAGE - 4